UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------x
MARRIOTT INTERNATIONAL, INC. and          :
MARRIOTT HOTEL SERVICES, INC,             :
                                          :    Civ. Action No.:
                   Plaintiffs,            :
                                          :
         -against-                        :
                                          :
TWIN CITY FIRE INSURANCE                  :
COMPANY,                                  :
                                          :
                   Defendant.             :
---------------------------------------------------------------x

# COMPLAINT

AND NOW COME the plaintiffs MARRIOTT INTERNATIONAL, INC. and MARRIOTT HOTEL SERVICES, INC. ("Marriott") by and through their attorneys, WADE CLARK MULCAHY LLP, to file this complaint against TWIN CITY FIRE INSURANCE COMPANY ("Twin City").

## THE CASE IN BRIEF

1. This is a declaratory judgment action in which Marriott seeks a declaration that, in respect of a September 22, 2011 accident in which Michelle Kerth ("Kerth") was injured while using a SICO America, Inc. ("SICO") room service cart ("Accident") and resulting lawsuit entitled *Michelle Kerth v. SICO North America, Inc., et al.*, Pennsylvania Court of Common Pleas, Philadelphia County, docket Number 130902185 ("Lawsuit"), Marriott qualified as an additional insured under an insurance policy that Twin City issued to SICO. Consequently, Marriott seeks reimbursement of more than $265,908.22 in costs and fees it incurred as a result of the Accident and Lawsuit.

## THE PARTIES

2. Plaintiff MARRIOTT INTERNATIONAL, INC. is a Delaware corporation with a principal place of business of 10400 Fernwood Road, Bethesda, MD 20817 that conducts business in the Commonwealth of Pennsylvania.

3. Plaintiff MARRIOTT HOTEL SERVICES, INC. is a Delaware corporation with a principal place of business of 1221 22nd Street, NW, Washington, DC 20037 that operates the Philadelphia Marriott Downtown that is located at 1201 Market Street, Philadelphia, PA 19107.

4. Twin City is a Connecticut corporation with a principal place of business of One Hartford Plaza, Hartford CT 06155 that is authorized to issue insurance policies in Pennsylvania and regularly issues such policies.

## JURISDICTION AND VENUE

5. This court has original jurisdiction under 28 U.S.C. § 1332, in that this is a civil action between citizens of different states in which the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Venue is proper in the United States District Court for Eastern District of Pennsylvania under 28 U.S.C. § 1391, because, *inter alia*, a substantial part of the events or omissions giving rise to the claim, including the Accident and Lawsuit, took place within this District, and each of the defendants reside in this District for purposes of venue under 28 U.S.C. § 1391(c)(2).

## THE TWIN CITY POLICY

7. At all times relevant to the instant matter, Twin City insured SICO under commercial general liability policy # 83 ECSOF1422 ("Twin City Policy").

8. SICO, pursuant to a written Supplier Agreement, sold the room service cart at issue in the Accident and Lawsuit to Marriott.

9. Under the terms of the Supplier Agreement, SICO was to procure a commercial general liability policy that provided Marriott with additional insured coverage for claims arising out of SICO's supply of products that was primary over all other policies.

10. SICO procured such a policy from Twin City.

11. The Accident and Lawsuit arise out of SICO's supply of a product, a room service cart, to Marriott.

12. Notwithstanding Marriott's repeated requests, Twin City has refused to acknowledge Marriott's additional insured status.

13. As a result of Twin City's refusal, Marriott has been forced to expend more than $265,908.22 in costs and fees it incurred in respect of the Accident and Lawsuit.

## COUNT I

14. Marriott repeats and reiterates each and every allegation heretofore made in this complaint in the paragraphs designated "1" through "13" inclusive, with the same force and effect as if set forth here more particularly at length.

15. An actual and present controversy has arisen and now exists between Marriott and Twin City regarding Marriott's rights as an additional insured and the more than $265,908.22 in costs and fees Marriott incurred in respect of the Accident and Lawsuit as well as Twin City's obligation to reimburse Marriott for that amount.

16. Marriott avers that the Twin City Policy provides primary additional insured coverage to Marriott and therefore Twin City was and is responsible, in whole or in part, for the costs and fees Marriott incurred in respect of the Accident and Lawsuit.

17. Despite requests, Twin City has never confirmed Marriott's additional insured status or provided defense and indemnity to Marriott in respect of the Accident or Lawsuit.

18. Thus, an actual controversy involving justiciable questions relating to the rights and obligations of Marriott under the Twin City Policy now exists. There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

**WHEREFORE**, Marriott demands judgment against Twin City as follows:

a. A declaration that Twin City must immediately provide a copy of the Twin City Policy and claims file for the Accident;

b. A declaration that Twin City provides coverage to Marriott as an additional insured in respect of the Accident and Lawsuit;

c. An award to Marriott to reimburse Marriott for all fees and costs it incurred in respect of the Accident and Lawsuit; and

d. An award to Marriott of such other and further relief as this Court deems just and proper.

Dated: Philadelphia, PA
April 3, 2018

                                                WADE CLARK MULCAHY LLP

                                                Robert J. Cosgrove, Esq.
1515 Market Street, Suite 2050
Philadelphia, PA 19102
(267) 239-5526
WCM # 452.8126